IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN Y. MINOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-658-E-BN |
| | § | |
| TRANSPORT LOCAL UNION 555, | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Carolyn Y. Minor filed a *pro se* complaint against a labor union (later shown to be her employer) attaching an EEOC notice of the right to sue and alleging in full that "[t]he company has discriminated against me once return to work 3/22/23 off of dr care they retaliated because of the filing put me on parttime and issued me 20 hours a week." Dkt. No. 3.

The Court granted Minor's motion for leave to proceed *in forma pauperis* (IFP). *See* Dkt. Nos. 4, 9. After that, Minor's lawsuit was transferred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. And, on May 1, 2023, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss this action with prejudice unless, within the time to file objections, Minor satisfactorily shows a basis to amend the complaint to allege a plausible claim [Dkt. No. 11] (the Screening FCR).

Eight days later, Minor filed a response to the Screening FCR, *see* Dkt. No. 12,

and moved the Court to appoint her counsel, *see* Dkt. No. 13, which the Court will address through a separate order.

As the Screening FCR explained,

> Minor identifies that the complaint alleges both a claim of discrimination and of retaliation, *see* Dkt. No. 3 at 6, but fails to identify a statute under which such claims are brought. Regardless, Minor fails to allege factual matter that could establish a plausible claim under any statute applicable to wrongful employment practices.
>
> To plausibly allege (and ultimately prove) claims of employment discrimination and retaliation requires that a plaintiff either rely on direct evidence of discrimination and retaliation or proceed under a burden-shifting analysis.
>
> "'[D]irect evidence is rare'" and has been defined by the United States Court of Appeals for the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).
>
> Absent direct evidence, a plaintiff must first articulate a prima facie case as to each cause of action. For example, where the cause of action is for discrimination under Title VII of the Civil Rights Act of 1964, which "imposes liability on employers and labor unions that violate the act's provisions," *e.g.*, *Atencio v. Torres*, No. 3:19-cv-00011, 2020 WL 1646884, at *2 (S.D. Tex. Mar. 25, 2020) (citations omitted), the prima facie elements are that a plaintiff
>> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.
>
> *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).
>
> These elements may vary insofar as Minor alleges a discrimination claim based on an adverse union action. *See, e.g.*, *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 214 (5th Cir. 2011).
>
> Similarly, "[i]n the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity

pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted); *see also, e.g.*, *Woods v. Teamsters Local 767*, No. 4:18-cv-218-BP, 2020 WL 6203567, at *7 (N.D. Tex. Oct. 22, 2020) ("A labor organization … cannot discriminate against any member 'because [s]he has opposed any practice made an unlawful employment practice by [Title VII] or … made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" (quoting 42 U.S.C. § 2000e-3(a); citation omitted)).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And, as to discrimination, plaintiffs "must plausibly set out facts that the 'defendant took the adverse employment action against [them] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). That is, as to discrimination based on race or national origin, for example, "a plaintiff must allege 'facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably.'" *Id.* (cleaned up; quoting *Raj*, 714 F.3d at 331).

Minor's complaint includes no factual allegations that could support any ultimate element required for a plausible claim of discrimination or retaliation. Minor's claims as currently pled are therefore subject to dismissal.

Put another way, at this stage, the Court must ask whether Minor has alleged enough facts, accepted as true, to allege an actionable employment-based claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, because Minor has not, it is "proper[ to]

> dismiss" the employment-based claims. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Dkt. No. 11 at 3-6.

Minor's response to the Screening FCR provides more details about her allegations. Minor alleges that she received a doctor's statement providing that she could return to work on March 18, 2023. *See* Dkt. No. 12 at 1. She alleges that, when she returned the next business day, she was told to go home and come back the next day. *See id.* at 1-2. She was then told not to come in that day but to instead come in one day later for a meeting. *See id.* at 2. According to Minor, during that meeting, "I was told that because I was out on disability I cause[d the employer] to be in a bad situation. I could no longer have a full time job but be on part time with no benefits, I could be offered 20 hours a week 3 days on 1 week 2 days the next. So they gave me the schedule in which I have been on disability." *Id.*

Minor also makes allegations concerning the employer asking her to acknowledge the employee handbook. *See id.*

Liberally construed, Minor appears to amend (or clarify) her allegations to indicate that she is alleging discrimination and retaliation based on a disability. *See, e.g., id.* at 1 ("I … am asking for the judge to grant me to amend my complaint with the second right to sue base[d] on retaliation and disability."). So the Court should treat her claims as made under the Americans with Disabilities Act (the ADA). But, even doing so, Minor still fails to plead facts to support all ultimate elements of such

claims. And the Court should dismiss her complaint for the reasons set out below and in Screening FCR.

"Under § 12112(a) of the ADA, an employer is generally prohibited from 'discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting 42 U.S.C. § 12112(a)).

To plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). And "[t]he ADA Amendments Act of 2008 … provides, among other things, that the term 'substantially limits' is to be interpreted as broadly as possible.'" *Milteer v. Navarro*

*Cnty., Tex.*, ___ F. Supp. 3d ____, No. 3:21-cv-2941-D, 2023 WL 415154, at *5 (N.D. Tex. Jan. 25, 2023) (quoting 42 U.S.C. § 12102(4)(A)-(B)).

An employee is qualified under the statute "if he 'with or without reasonable accommodation, can perform the essential functions of the employment position'" and "is not disqualified if a reasonable amount of leave would enable him to return to his regular duties." *Coleman v. Ark Contracting Servs., Inc.*, No. 3:21-cv-2553-N, 2023 WL 159777, at *3 (N.D. Tex. Jan. 11, 2023) (quoting 42 U.S.C. § 12111(8)).

"Adverse employment decisions are 'ultimate employment decisions such as hiring, granting leave, discharging, promoting, ... compensating,' or demoting." *Thompson*, 2 F.4th at 470 (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004)).

Here, even if Minor has provided facts to support that she remains qualified for the full-time position even after taking leave and that she suffered an adverse employment action through the demotion to part-time work, she still fails "to adequately allege a disability under the ADA" by "plead[ing] facts giving rise to an inference that [any alleged, yet, here, unidentified,] impairment 'substantially limits one or more "major life activities."'" *Luedecke v. Tenet Healthcare Corp.*, No. 3:14-cv-1582-B, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)).

The ADA also "prohibits an employer from 'discriminating against any individual because such individual has opposed any act or practice made unlawful by the ADA or because such individual made a charge, testified, assisted, or participated

in any manner in an investigation, proceeding, or hearing under the ADA." *Lyons*, 964 F.3d at 303-04 (cleaned up). And the ultimate elements of an unlawful retaliation claim under the ADA are "that: (1) [the plaintiff] engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action." *Id.* at 304 (footnote omitted).

Like her ADA discrimination claim, Minor has offered facts to support two of the three required elements. She has alleged an adverse employment action for the reasons set out above. And, "[i]n retaliation cases, temporal proximity between protected activity and adverse employment action is sometimes enough to establish causation at the prima facie stage." *Gosby v. Apache Indus. Servs., Inc.*, 30 F.4th 523, 527 (5th Cir. 2022).

But, while "[i]t is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity," *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (per curiam) (citation omitted); *see also* 42 U.S.C. § 12111(9) (defining "reasonable accommodation" to include "part-time or modified work schedules"), Minor has alleged no facts to support that she requested a part-time work schedule <u>under the ADA</u>. Similarly, while Minor alleges that she filed an EEOC complaint, she has alleged no facts to show that she was retaliated against for filing such a complaint.

## Recommendation

The Court should dismiss Plaintiff Carolyn Y. Minor's complaint as amended

with prejudice unless, within the time to file objections, Minor satisfactorily shows a basis to further amend the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 11, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE